# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GERALD WATERS, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 10-170 |
| | : | |
| DEP. COMMISH. | : | |
| RODNEY BRACKENBOROUGH, et al | : | |
| Defendants | : | |

## M E M O R A N D U M

**Stengel, J.**                                                                            March 21, 2011

      Gerald Waters filed his civil rights complaint on January 21, 2010; his case was referred to United States Magistrate Judge Linda Caracappa shortly thereafter. On March 2, 2010, Judge Caracappa ordered the defendants to file an answer or motion to dismiss the complaint within thirty days, and gave the plaintiff thirty days to respond. On March 16, 2010, the defendants filed an answer to the complaint. As their first affirmative defense, the defendants claimed that plaintiff failed to state a claim upon which relief can be granted. On August 19, 2010, Judge Caracappa ordered the defendants to file a memorandum in support of their answer and affirmative defenses. The defendants did so, and on February 18, 2011, Judge Caracappa filed a Report and Recommendation that Mr. Waters's complaint be dismissed for failure to state a claim. Specifically, Judge Caracappa recommends dismissal under 28 U.S.C. § 1915(e)(2)(B), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." For the reasons set forth below, I will adopt the Report and Recommendation filed by Magistrate Judge Caracappa.

      In his complaint, Mr. Waters alleged that, while a prisoner at the State Correctional Institution in Greene County, he was "stripped of all legal material," Compl. ¶ 17; that officials

confiscated "legal books and law case notes prevalent [sic] to plaintiffs pre-trial filings," id. at ¶ 21; that the warden specifically ordered that "all legal materials, writing utensils, family photos, books, envelopes, postal stamps, et cetera" be confiscated from Mr. Waters, id. at ¶ 27; that prison officials confiscated "2 envelopes, 1 ink pen and a legal pad with legal case notes relevant to a pro-se motion that was never filed because none of this material was returned well into plaintiffs departure from the pre-trial holding facility," id. at ¶ 29, and finally that "[d]ue to the totality of the conditions, plaintiff was denied fair access to the courts, unable to call witnesses, contact appointed counsel for pretrial preparations, and other egregious acts that was the epitome of impediment to [plaintiff's] liberty interest protected by [the constitution]." id. at ¶ 34. In response to Judge Caracappa's recommendation that his complaint be dismissed because it fails to allege actual injury resulting from his denial of access to courts, Mr. Waters contends that he has shown actual injury because prison officials took "legal papers relevant to due process, including a letter from a witness that states her intent; and would prove exculpatory[.]" Pl.'s Objections to Report & Recommendation, 3. He reiterates that actual injury was stated in that he alleged he was "thwarted . . . the right to prove his colorable showing of innocence." Id. at 4.

Judge Caracappa reasons that plaintiff's complaint should be dismissed because he "failed to identify any legal action he was unable to pursue as a result of defendants' alleged actions." As noted by Judge Caracappa, actual injury in the access to courts context is "the loss or rejection of a nonfrivolous legal claim regarding sentencing or the conditions of confinement." See Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Other courts have dismissed access to courts claims where plaintiffs allege that materials were confiscated or destroyed but fail to describe a claim which could not therefore be pursued. See Wesley v. Hollis, No. 03-3130, 2004 WL 945134 at *3 (E.D.Pa. Apr. 29, 2004) ("Plaintiff's Complaint

alleges only that Plaintiff's legal materials were taken away, but does not allege that his efforts to pursue a legal claim were actually hindered."); Gay v. Shannon, No. 02-4693, 2005 WL 756731 (E.D.Pa. Mar. 1, 2005) (granting motion to dismiss First Amendment access to courts claims because plaintiff asserted no actual injury as a result of the defendant's conduct in limiting his access to his legal materials) *aff'd* 211 Fed.Appx. 113 (3d Cir. Dec. 22, 2006).

Mr. Waters does not allege that he has been rendered unable to present a claim regarding sentencing or the conditions of confinement. Rather, his complaint appears to refer to his ability to file a motion or some other pleading prior to a trial. The Third Circuit has explained that:

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a *past* legal claim, they must show (1) that they suffered an 'actual injury'- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'

Monroe v. Beard, 536 F.3d 198, 205-206 (3d Cir. 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)) (emphasis added).

I will adopt Judge Caracappa's Report and Recommendation, because the allegations in Mr. Waters's complaint concerning his actual injury are too vague to state a claim for relief. They do not describe his underlying legal claim clearly enough to show that it was "more than mere hope." The most specific of his allegations is stated in his response to the Report and Recommendation, where he claims that prison officials took "a letter from a witness that states her intent; and would prove exculpatory." This is an inadequate description of his underlying claim.

Mr. Waters has also filed a motion for summary judgment.  Because Mr. Waters's complaint will be dismissed with prejudice, his motion for summary judgment (which does not rely on evidence of record, as no discovery has been conducted in this case) will be denied as moot.  An appropriate order follows.